

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-76,676

**EX PARTE MARCUS PENA, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 10-7-25,340-D-2 IN THE 377TH JUDICIAL DISTRICT COURT FROM VICTORIA COUNTY

*Per curiam.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of one count of aggravated robbery and one count of capital murder, and sentenced to life imprisonment.

Applicant contends that his appellate counsel rendered ineffective assistance because he failed to timely file a notice of appeal. Appellate counsel filed an affidavit in which he conceded that he miscalculated the deadline for filing the notice of appeal.

The trial court has determined that appellate counsel failed to timely file a notice of appeal.

We find that Applicant is entitled to the opportunity to file an out-of-time appeal of the judgment of conviction in Cause No. 10-7-25,340-D from the 377th Judicial District Court of Victoria County. Applicant is ordered returned to that time at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. Within ten days of the issuance of this opinion, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall immediately appoint an attorney to represent Applicant on direct appeal. All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues.

Delivered: November 9, 2011
Do Not Publish